**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FERNANDO MORENO MENDEZ et al.,

      Petitioners,

  v.

JANET NAPOLITANO et al.,

      Respondents.

_____/

No. C12-06069 CRB

**ORDER LIFTING STAY AND
DISMISSING CASE**

      Petitioners Fernando Moreno Mendez and Maria Del Carmen Moreno Gomez are husband and wife and citizens of Mexico.  Pet. (dkt. 1) ¶ 1.  In this habeas case, Petitioners argue that several attorneys rendered ineffective assistance throughout Petitioners' removal proceedings, subsequent appeals, and motions to reopen and reconsider.  See generally id. Respondents Janet Napolitano, Secretary of the Department of Homeland Security, Timothy Aiken, ICE Field Office Director, and Eric Holder Jr., U.S. Attorney General, move to dismiss on a variety of grounds.  See generally MTD (dkt. 15).

      The ground that found traction with this Court was that the Ninth Circuit already had jurisdiction over the same claims.  See id. at 12-14.  "Prudential concerns, such as comity . . . may require a federal court to forgo the exercise of its habeas corpus power."  Munaf v. Geren, 553 U.S. 674, 693 (2008) (internal citation and quotation marks omitted).  Pending before the Ninth Circuit was Petitioners' petition for review (PFR) of the BIA's denial of

Petitioners' motion to reopen.  See Pet. ¶ 7; Pet. Ex. KKK.  The BIA denied Petitioners'

motion to reopen in part based on its finding that Petitioners had failed to make an adequate

showing that they suffered prejudice as a result of the alleged ineffective assistance.  See Pet.

Ex. JJJ at 390-91 ("Thus, the respondents have not demonstrated that they were prejudiced

by the actions of their prior representatives with respect to these issues").  The merits of

Petitioners' ineffective assistance claims were therefore before the Ninth Circuit.  Pet. Ex.

KKK; Pet. at 1.  Finding that it would be a waste of judicial resources to address the same

claims, and noting that Petitioners did not disagree that the claims raised in this Petition were

also before the Ninth Circuit, see Opp'n at 10, the Court agreed to hold this Petition in

abeyance until the Ninth Circuit issued a decision on Petitioners' PFR.

The Ninth Circuit has now denied in part and dismissed in part Petitioners' PFR,

holding that the BIA did not abuse its discretion by denying Petitioners' motion to reopen

based on ineffective assistance of counsel because Petitioners failed to establish prejudice.

See Resp. Supp. Br. (dkt. 23) Ex. B at 2.  The Ninth Circuit further held that the BIA did not

abuse its discretion by denying Petitioners' request to reissue its decision of March 6, 2006.

Id. at 3.  This Court ordered the parties to submit supplemental briefing about the impact of

the Ninth Circuit's decision on this case.  See Order (dkt. 22).  The parties agreed in their

simultaneous supplemental briefing that the Ninth Circuit's decision is res judicata here.

See Resp. Supp. Br. (dkt. 23) at 4-7; Pet. Supp. Br. (dkt. 24) at 5.  Petitioners concede that

"essentially the same issues of ineffective assistance of counsel were addressed in the judicial

review proceeding as were subsequently raised in the present habeas proceeding," and that

five of the Petition's six claims (paragraph 41.a-e) are therefore out.  Pet. Supp. Br. at 4, 5.

Petitioners assert, however, that the Ninth Circuit's decision does not foreclose claim

41.f in their Petition.  Id. at 5-6.  That claim pertains to the alleged failure of attorney Meeks

to raise the BIA's failure to reissue the voluntary departure order in its January 29, 2009

order, and the BIA's unilateral vacating of the voluntary departure applications.  Pet. ¶ 41.f.

Petitioners argue that they can "now demonstrate prejudice since they can demonstrate

plausible relief since their United States citizen daughter has attained her majority and is able

to file immediate relative visa petitions for them." Pet. Supp. Br. at 6. They maintain that the loss of their voluntary departure claim is prejudicial because, among other things, in its absence they are statutorily barred from re-immigrating. Id. The Court directed Respondents to respond to this argument, and Respondents did so. See Order (dkt. 25); Response (dkt. 26). Respondents argue that Petitioner's remaining claim also fails, because Petitioners "asserted the very same argument concerning prejudice to the Ninth Circuit in their Opening Brief." Response at 2. Indeed, Petitioners argued in their Opening Brief:

> Second, as to Meeks' failure to seek cognizable review of the January 29, 2009 order of the BIA vacating the voluntary departure order, petitioners lost their grant of voluntary departure, are barred from reimmigrating for five years under 8 USC, Section 1182(a)(9)(A) and now have a United States citizen daughter of age to petition for their reimmigration but for the alternative entry of removal order in lieu of voluntary departure.

Resp. Br. Ex. A at 46.

Given this overlap, the Court concludes that "the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated." See Paulo v. Holder, 669 F.3d 911, 917 (9th Cir. 2011) (quoting Hudranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000)); see also id. at 918 (issue preclusion also applies to arguments on such issues that could have been, but were not, raised in the prior litigation).[1] The Ninth Circuit considered and rejected claim 41.f. See Resp. Br. Ex. B at 2 ("[P]etitioners failed to establish grounds for the relief that they seek."). Accordingly, the Ninth Circuit's opinion precludes all of Petitioners' claims in the present Petition.

//

//

//

//

---

[1] In addition, as Respondents point out, the asserted prejudice is not really new: even if Petitioners' daughter did not attain the age of majority until January 2013, Petitioners did not lack notice in January 2009 that they would eventually be in this position. See Response at 3.

United States District Court
For the Northern District of California

For the foregoing reasons, the Court LIFTS the stay, and DISMISSES this case.

**IT IS SO ORDERED.**

Dated: March 23, 2015

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT
JUDGE

United States District Court
For the Northern District of California

4